FRUGÉ, Judge.
This suit was instituted to recover workmen compensation payments for total and permanent disability, as well as penalties and attorney fees. The plaintiff, George N. Johnson, received .'accidental injuries, causing an inguinal hernia, on January 24th, 1967, while employed by Vancouver Plywood Corporation. Compensation benefits were paid through June 19, 1967. Plaintiff sought recovery also for medical expenses incurred as a result of a second operation, payment of which was resisted on the grounds that it was unrelated to the accident. After trial on the merits judgment was amended for plaintiff for the amount of the medical expenses incurred due to the second operation. All other claims of plaintiff were rejected.
Plaintiff has appealed that part of the judgment rejecting his claims for penalties and attorney fees and his claim for total and permanent disability. Defendant has answered the appeal and prays for reversal of that part of the judgment which awarded plaintiff medical expenses for the operation subsequent to the hernia operation.
Tne facts of this case are that plaintiff injured himself while pivoting his body in the course of moving a sheet of plywood, which caused a hernia injury. Dr. Bernard Kaplan, an Alexandria surgeon, diagnosed plaintiff’s condition as a hernia and hydrocele on the left. Plaintiff complained of some pain or involvement of his left testicle at the time of the hernia operation, but was advised by the doctor that such surgery was not necessary.
Surgery was performed and consisted of the repair of a direct inguinal hernia and a removal of a hydrocele. Plaintiff was discharged on February 5, 1967, and the sutures were removed by Dr. Kaplan on February 9.
The plaintiff continued to complain of swelling and pain associated with the left testicle, and also complained of abdominal pain. On or about February 22, 1967, Dr. Nesom administered treatment and aspirated some bloody fluid from the left hemis-crotum in response to plaintiff’s complaint of pain and swelling.
Plaintiff was again seen by Dr. Kaplan on February 27th and complained again of *83 pain in the abdomen, and swelling and pain in the left testicle. Dr. Kaplan admitted the plaintiff to the hospital in Alexandria on March 6th for further investigation. Following this period of hospitalization, the plaintiff was referred back to Dr. Ne-som, who in turn referred him to Dr. Har-grove of Oakdale, Louisiana. Dr. Har-grove examined the plaintiff for complaints of pain in the abdomen and swelling and pain in the left testicle. On March 27th, Dr. Hargrove admitted the plaintiff to the hospital. On March 31st, surgery was performed by Dr. Hargrove to remove plaintiff’s left testicle, loosen the hernia scar, and also remove a hydrocele.
The trial judge found that plaintiff was entitled to have the medical treatment and surgical bill of Dr. Hargrove paid as part of his compensation benefits. The trial court stated, however, that plaintiff had failed to carry the burden of proof relative to his claim for permanent and total disability.
The record in the instant case contains no medical testimony or evidence tending to establish the fact that plaintiff’s abdominal complaints subsequent to June 19, 1967, were related to the accident. Dr. Hargrove, who performed the second operation, testified that he could not account for the abdominal complaints of the plaintiff, and that these complaints were not related to the accident of January 24, 1967. Since all of the other doctors, according to testimony and reports filed in the record are of the same opinion, the trial court held that plaintiff had simply failed to carry the burden of establishing his claim to total and permanent disability.
On the question of whether or not the second operation was necessary, Dr. Hargrove testified that he did find the second operation to be necessary and to be related to the initial accident. Thus, the trial court’s finding on this issue is supported by the testimony and the evidence.
Appellant contends that the trial court erred in failing to award the plaintiff penalties and attorney fees for the arbitrary refusal to pay compensation benefits and medical bills. Despite the fact that plaintiff is entitled to recover his medical bills for the second operation, which were not paid, the trial court found that the defendant’s refusal to pay was neither capricious nor arbitrary, and thus plaintiff was not entitled to penalties and attorney fees. Certainly, the defendant had a sufficient basis upon which to believe that the plaintiff’s claim was unrelated to the original accident from the statements of various doctors. Thus, even though the defendant was in error for failing to compensate plaintiff for this item of medical expenses, this denial is not one which warrants the assessment of penalties and attorney fees as provided by law.
For the above and foregoing reason, the judgment of the trial court is affirmed. All costs of this appeal are to be shared equally by the parties. Plaintiff, Johnson is to pay one-half of the costs of this appeal, and the defendants, Vancouver and Liberty Mutual, are to pay one-half of the costs of this appeal.
Affirmed.